NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SMARTFLASH LLC, SMARTFLASH TECHNOLOGIES LIMITED,**
*Plaintiffs-Appellees*

v.

**APPLE INC.,**
*Defendant-Appellant*

---

2016-1059

---

Appeal from the United States District Court for the Eastern District of Texas in No. 6:13-cv-00447-JRG, Judge J. Rodney Gilstrap.

---

**ON MOTION**

---

Before REYNA, TARANTO, and STOLL, *Circuit Judges*.

TARANTO, *Circuit Judge*.

**O R D E R**

The district court in this case entered a judgment of liability for patent infringement (of four claims) against defendant Apple Inc. and in favor of plaintiffs Smartflash LLC and Smartflash Technologies Limited (collectively,

Smartflash).  Apple appealed, challenging several rulings of the district court, including its rejection of Apple's invalidity challenge under 35 U.S.C. § 101.  The appeal is now fully briefed and ready for oral argument.

Apple has moved to defer oral argument in this appeal until oral argument can be coordinated with appeals from recent rulings of the Patent Trial and Appeal Board that found the subject matter of the claims at issue here ineligible for patenting under 35 U.S.C. § 101.  Given the status of the PTAB matters, any such deferral would indisputably be for many months.  Smartflash opposes.

The court here addresses a jurisdictional issue.  Apple filed this appeal under 28 U.S.C. § 1292(c)(2), which confers jurisdiction on this court when a patent judgment is "final except for an accounting."  To try to ensure applicability of that provision, Smartflash filed a motion in the district court to dismiss unconditionally all of its claims for relief other than damages under 35 U.S.C. § 284 (and for fees under 35 U.S.C. § 285 if Smartflash has so requested).  *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1317 (Fed. Cir. 2013) (en banc) (§ 1292(c)(2) covers case in which only damages remain unadjudicated).  In its Order of February 16, 2016, the district court declined to grant Smartflash's motion, indicating that, because the motion affects this court's jurisdiction, it would not grant the request without a directive from this court.  Apple has now raised a jurisdictional objection to its own appeal because Smartflash's requests for non-damages relief remain pending in the case.

In response to the February 16, 2016 Order, and in aid of our jurisdiction, 28 U.S.C. § 1651, this court hereby directs that the district court forthwith grant Smartflash's request to limit its own relief to damages (and fees, as noted above), by immediately dismissing the requests for non-damages relief and entering a new judgment embody-

ing that dismissal. At present we see no reason that judgment should not be entered within a few days from the date of this Order. By seeking such dismissal to ensure appealability under a provision requiring a judgment that is "final except for an accounting," Smartflash accepts whatever consequences follow for the dismissed relief from the finality (except for an accounting) of the resulting judgment.

If Apple wishes to appeal the newly entered judgment, it shall file a notice of appeal within three business days after entry of that judgment and immediately notify this court of that filing. *See* Fed. R. App. P. 2. Upon receipt of that notice, this court will reinstate this appeal under the same docket number and proceed on the already-filed briefs. *See Kwik Prods., Inc. v. Nat'l Express, Inc.*, 170 F. App'x 137, 139 (Fed. Cir. 2006); *Terlep v. Brinkmann Corp.*, 127 F. App'x 498, 499 (Fed. Cir. 2005). At that time the court also will deem Apple's present motion for coordination of oral arguments to be pending, unless Apple indicates otherwise, and will promptly decide the motion.

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed for lack of jurisdiction subject to reinstatement under the terms of this order. The mandate shall issue simultaneously with this Order.

(2) The district court is directed to grant Smartflash's request and enter a new judgment under the terms of this order. Apple shall file a new notice of appeal, if any, within three business days of the new judgment's entry.

(3) A copy of this order shall be transmitted to the merits panel assigned to hear the case.

                FOR THE COURT

                /s/ Peter R. Marksteiner
                Peter R. Marksteiner
                Clerk of Court

ISSUED AS A MANDATE: June 29, 2016

s32