# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Tel 202.955.8500
www.gibsondunn.com

Mark A. Perry
Direct: +1 202.887.3667
Fax: +1 202.530.9696
MPerry@gibsondunn.com

July 12, 2016

VIA ECF

Peter R. Marksteiner
Circuit Executive and Clerk of Court
United States Court of Appeals for the Federal Circuit
717 Madison Place N.W., Room 401
Washington, DC 20439

Re: *Smartflash LLC, et al. v. Apple Inc.*, No. 16-1059

Dear Mr. Marksteiner:

Apple respectfully responds to Smartflash's July 8 Rule 28(j) letter addressing *BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*, No. 2015-1763 (Fed. Cir. June 27, 2016).

The *BASCOM* claims recited a "specific method of filtering Internet content" that "associate[d] individual accounts with their own filtering scheme and elements while locating the filtering system on an ISP server." *BASCOM*, slip op. 16. Those claims were directed to an abstract idea under step one of *Alice*, but were patent-eligible under step two because, after "taking the allegations of the complaint to be true" and reviewing a "limited record," the Court concluded that the claims constituted an improvement to "'an existing technological process,'" similar to the "technical solution to a problem unique to the Internet" in *DDR*. *Id.* at 10, 16, 17 (citation omitted).

Unlike *BASCOM*, patent-eligibility in this case was decided on a full summary judgment record. The undisputed facts show that Smartflash's claims are directed to an abstract idea, yet recite neither an inventive improvement to an existing technological process nor a technical solution to a problem unique to the Internet. Digital data piracy existed before the Internet, as Smartflash

GIBSON DUNN

Peter R. Marksteiner
July 12, 2016
Page 2

concedes.  SmartflashBr. 23.  Smartflash's claims are not a technical solution to Internet piracy, such as a process to disable or disrupt illegal Internet file-sharing networks.  Instead, "communication over the internet and web-based technology … is not essential" to the invention.  Appx180 ('720 Patent, 26:5-7).  Rather, the claims implement the abstract idea of controlling access to digital content using generic computer hardware and software in a routine, conventional way.  AppleBr. 30-34; Reply 12-15.

The PTAB also considered a full record and found that Smartflash's "solution" is "not rooted in specific computer technology," and does not "achiev[e] a result that overrides the routine and conventional use of the recited devices and functions."  Dkt. 65-2 at 19-20; *accord* Dkt. 65-3 at 16-17; CBM2014-00194, Paper 51 at 16.

Thus, unlike in *BASCOM*, Smartflash's claims recite "an abstract idea implemented on generic computer components, without providing a specific technical solution beyond simply using generic computer concepts in a conventional way."  *BASCOM*, slip op. 19.

Sincerely,

/s/ Mark A. Perry

Mark A. Perry
Principal Attorney for Apple Inc.


cc:  All counsel of record (via ECF)